■ Harry Macklowe, Respondent, v Browning School, Appellant. — Order, Supreme Court, New York County, entered November 10, 1980, which, *inter alia*, granted plaintiff's motion to reargue the prior denial of plaintiff's motion for summary judgment to the extent of directing a hearing for the taking of testimony as to the activities of the parties with regard to renewal or extension of the contract at issue, reversed, on the law, to the extent appealed from; the motion to reargue is denied, without costs and disbursements, and the matter is remanded to the court below. On plaintiff's prior motion for summary judgment, Special Term held that factual issues are raised respecting whether or not the plaintiff had extended his option to purchase under the agreement between the parties concerning property lo-

cated at 40 East 62nd Street, in Manhattan, and whether the option covered the entire building or just the upper portion of the premises. An "immediate trial is now authorized in summary judgment context under 3212 not only for issues relating to damages, but as well for issues going to liability if it appears that they would have been immediately triable had they arisen on a 3211 motion" (Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212, 1980-1981 Cumulative Annual Pocket Part, C3212:22, p 83). It does not sufficiently appear on this record that the plaintiff's motion for summary judgment is based on any of the grounds enumerated in CPLR 3211 (subd [a]), and regarding subdivision (b) of said rule, the statute may not be used to strike mere denials contained in the answer. Special Term had already denied plaintiff's prior motion for summary judgment, in effect, holding that the factual issues raised relating to liability required a plenary trial without a trial preference. On reargument the court's attention must be drawn to any controlling fact or applicable principle of law which was misconstrued or overlooked. Indeed, this factor prompted Special Term to acknowledge that it was not determining the motion to reargue, but was holding it in abeyance, pending a hearing to determine whether or not to grant such motion. As the court declared: "I do not intend to have any abbreviated trial, but I do intend to find out whether or not * * * meetings and letters mean something which are not spelled out completely in the letters that are attached to the papers." Special Term may not grant a trial preference with respect to factual issues raised on a motion for summary judgment other than is procedurally permissible by statute. The problem presented by this record is that Special Term is not certain that it correctly disposed of the original summary judgment motion as plaintiff movant made a "colorable" showing of entitlement to such relief. The proper resolution is the presentation by the parties to the court on full papers reflecting and elucidating the issue of whether the court misapprehended or overlooked controlling relevant fact or law. Within this context (a "true" motion for reargument) Special Term may demand the presentation of additional papers from the litigants to aid it in arriving at an informed determination. We note in conclusion the distinction between a motion to renew and a motion to reargue, which distinction became "blurred" at the conference held before the Special Term Justice on November 5, 1980 with respect to plaintiff's motion to reargue. Concur — Kupferman, J.P., Sandler, Lupiano, Bloom and Fein, JJ.