■ Raymond Coty et al., Respondents, v County of Clinton, Appellant. [839 NYS2d 825]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered February 8, 2006 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 29, 2006 in Clinton County, which, upon reconsideration, adhered to its prior decision.

CPLR 3212 (a) provides that unless another date is set by the trial court, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." In this personal injury action, it is uncontested that plaintiffs filed a note of issue with the Clinton County Clerk on June 28, 2005 and served it upon opposing counsel by mail that same day. Defendant served a motion for summary judgment on October 31, 2005—125 days after the note of issue was filed. The parties had stipulated to the late filing, however, Supreme Court dismissed the motion sua sponte as untimely, further noting that it nevertheless would have been denied on the merits. Upon reargument, the court adhered to its prior decision as to timeliness, observing that recent Court of Appeals precedent takes a narrow view of the "good cause" language of CPLR 3212 (a). The court also did not agree with defendant's argument that where the note of issue is served by mail, CPLR 2103 (b) (2) should operate to extend the deadline for moving for summary judgment by five days.

On these appeals, defendant reiterates its claim that the motion was timely under the five-day rule of CPLR 2103 (b) (2). That statute provides that "where a period of time prescribed by law is measured from the *service* of a paper and service is by mail, five days shall be added to the prescribed period" (emphasis added). As noted above, CPLR 3212 (a) mandates that the 120-day period during which a summary judgment motion must be made begins to run upon the *filing* of the note of issue. Notably, "[p]apers that are required to be filed are considered to have been filed when they are received by the of-

fice with which, or by the official with whom, they are to be filed" (*Castro v Homsun Corp.*, 34 AD3d 616, 617 [2006]). Because the note of issue filed by plaintiffs was received by the County Clerk on June 28, 2005, "that is the date it was considered filed for purpose of time computation" under CPLR 3212 (a) (*id.* at 617). Thus, defendant's motion was untimely.

In the alternative, defendant preserved the following arguments which it contends constitute good cause for its late filing: counsel stipulated to the extended deadline, the delay was de minimis, plaintiffs were not prejudiced, and the motion is meritorious. Initially, we find that the parties' stipulation is insufficient to excuse the delay. Notably, the Legislature added the 120-day deadline to CPLR 3212 (a) in 1996 at the request of the court system to ameliorate the problem of parties filing dilatory summary judgment motions (*see Brill v City of New York*, 2 NY3d 648, 651 [2004]), and the Court of Appeals has stated that it must be "applied as written and intended" (*id.* at 653). By the plain language of the amendment, the 120-day time frame may be extended only "with leave of court on good cause shown" (CPLR 3212 [a]). Thus, the court has the exclusive authority to extend the statutory deadline; mutual agreement of the parties without court approval will not suffice.

Defendant's remaining arguments must be evaluated in light of recent precedent. In two cases handed down in 2004, the Court of Appeals clearly indicated that the 120-day statutory time frame contained in CPLR 3212 (a) is a strict requirement "to be taken seriously by the parties" (*Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]) and held that " 'good cause' in CPLR 3212 (a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill v City of New York*, *supra* at 652; *see Perini Corp. v City of New York (Department of Envtl. Protection)*, 16 AD3d 37, 39 [1st Dept 2005]; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650, 651 [2d Dept 2004]). It follows directly from these decisions that defendant's arguments do not constitute good cause for the delay. Accordingly, under all the circumstances herein, we cannot say that Supreme Court abused its discretion in denying the motion.

Defendant's remaining contentions are either unpreserved or academic.

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.