■ TOWN OF KINDERHOOK, Respondent, v FAITH SLOVAK, Also Known as EDITH SLOVAK, et al., Appellants. [849 NYS2d 707]— Spain, J. Appeals (1) from a judgment of the Supreme Court (Egan, Jr., J.), entered March 16, 2006 in Columbia County, which granted plaintiff's motion for partial summary judgment dismissing certain affirmative defenses, and (2) from an order of said court (Donohue, J.), entered April 20, 2007 in Columbia County, which, among other things, denied defendants' motion for reconsideration.

In this action by plaintiff to enforce its zoning laws, we affirm the judgment of Supreme Court (Egan, Jr., J.), entered March 16, 2006, granting plaintiff's motion for partial summary judgment dismissing some of defendants' affirmative defenses, insofar as defendants appealed from, for reasons stated in the court's thorough written decision.

With regard to defendants' appeal from the order of Supreme Court (Donohue, J.), entered April 20, 2007, we find that the court correctly denied defendants' motion to renew* given their failure to submit proof "that would change the prior determination" (CPLR 2221 [e] [2]). The court also properly denied defendants' belated motion for summary judgment as untimely, as it was made after the August 28, 2006 deadline for such motions as set forth in the court's (Egan, Jr., J.) April 13, 2006 scheduling order (see CPLR 3212 [a] ["the court may set a date after which no such motion may be made"]). Defendants never established lack of awareness of the deadline or any reason for their failure to seek an extension of time to file the motion; the court made no finding of good cause for the delay and we discern none (see Brill v City of New York, 2 NY3d 648, 652 [2004]; Rahman v Domber, 45 AD3d 497 [2007]; cf. Burnell v Huneau, 1 AD3d 758, 760 [2003]). Thus, it was within the wide latitude of discretion afforded to Supreme Court to deny the motion as untimely.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

---

* As no appeal lies from the denial of a motion to reargue (see Ireland v Wilenzik, 296 AD2d 771, 773 [2002]), that portion of defendants' appeal which sought review of the denial of their motion for reargument must be dismissed.