■ Marta Matys et al., Respondents, v Scott J. Zuccala, D.O., et al., Appellants. [859 NYS2d 829]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered September 19, 2007 in a medical malpractice action. The order denied defendants' motion for leave to file a summary judgment motion more than 120 days after the filing of the note of issue.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries allegedly sustained by plaintiff Marta Matys as a result of defendants' prenatal and postnatal care. We conclude that Supreme Court did not abuse its discretion by denying defendants' motion for leave to file a motion for summary judgment beyond the deadline for such motions (see CPLR 3212 [a]). Where, as here, a court does not set a date by which summary judgment motions must be made pursuant to CPLR 3212 (a), such a motion must be made no later than 120 days after the filing of the note of issue "except with leave of court on good cause shown" (id.). Here, based on the date on which the note of issue was filed, any summary judgment motion had to be made no later than April 12, 2007. It is undisputed that defendant did not move for summary judgment by that date, and thus defendant was required to show good cause for its delay in making the motion, i.e., it was required to provide "a satisfactory explanation for the untimeliness" (*Brill v City of New York*, 2 NY3d 648, 652 [2004]; see CPLR 3212 [a]). According to defendants, the delay related to plaintiffs' lack of cooperation in providing updated medical authorizations, but the record establishes that defendants did not request those updated authorizations until approximately 100 days after the note of issue had been filed. Defendants did

not explain what efforts, if any, were made to obtain the requested materials in a timely manner prior to requesting the updated authorizations (*see Dettmann v Page*, 18 AD3d 422 [2005]; *cf. Gaffney v BFP 300 Madison II, LLC*, 18 AD3d 403 [2005]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.