Yvonne K. Harrington et al., Respondents, v Palmer Mobile Homes, Inc., Doing Business as Palmer Manufactured Homes, Appellant. [900 NYS2d 152]—

Garry, J. Appeal from an order of the Supreme Court (Fitzgerald, J.), entered December 10, 2008 in Schuyler County, which, among other things, denied defendant's motion to preclude certain evidence and/or for summary judgment dismissing the complaint.

Plaintiff Yvonne K. Harrington owned a mobile home in which her son, plaintiff David T. Heath, resided. The mobile home was damaged by fire in November 2000[1] and, in 2003, plaintiffs commenced this negligence action. In March 2008, Supreme Court issued a scheduling order that, among other things, required all dispositive motions to be made returnable at a term of court in August 2008 or, with leave of court, at a subsequent term on October 3, 2008, and required motions in limine to be filed, served and submitted by October 1, 2008.[2] On October 1, 2008, without obtaining court permission, defendant mailed a motion, made returnable October 24, 2008, seeking an order precluding plaintiffs from offering expert testimony and certain evidence, and an order directing summary judgment in defendant's favor. The court denied the motion in its entirety, without prejudice. Defendant appeals.

Supreme Court has the authority to control its calendar by establishing schedules and timetables (see Thomas v Benedictine Hosp., 296 AD2d 781, 784 [2002]). Its broad discretion to supervise disclosure and fashion appropriate remedies for

1. Shortly thereafter, the mobile home was destroyed by a second, apparently unrelated, fire.

2. This order also scheduled the action as the first "back-up" for trial commencing October 27, 2008.

noncompliance will not be disturbed absent "a clear abuse of that discretion" (*McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1175-1176 [2008]). Defendant's request for summary judgment was served without leave or explanation well after the deadlines established more than six months earlier. Contrary to defendant's claim, plaintiffs' alleged failure to timely file the note of issue did not absolve defendant from its independent obligation to comply with the scheduling order. That order set forth clear and specific directions for the time, place, and procedures by which dispositive motions were to be presented, without reference to the note of issue or other predicate events. Further, defendant did not seek leave of court before the late filing, nor make any attempt to establish good cause for the delay (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Coty v County of Clinton*, 42 AD3d 612, 614 [2007]). Litigants may not ignore court-ordered time frames with impunity (*see Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). Denial of the motion without prejudice was well "within [the court's] wide latitude of discretion" (*Town of Kinderhook v Slovak*, 47 AD3d 1093 [2008]).

As to that part of the motion seeking preclusion of certain evidence, while defendant's delay and failure to comply with the scheduling order was less significant, Supreme Court found that this application had been improperly used to "cloak[ ]" the untimely dispositive motion, and that the evidentiary issues it addressed should have been brought to the court's attention long before. Even assuming that the untimeliness, standing alone, was an insufficient basis for the denial, defendant failed to establish grounds for preclusion by demonstrating prejudice and a willful failure to disclose (*see Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140 [2006]). Although defendant argued that plaintiffs had failed to timely complete expert disclosure, the record reveals that they had supplied the expert's name and position, as well as a copy of his report, in 2004. There is no indication that defendant objected or demanded further disclosure at that time or thereafter (*see Gross v Sandow*, 5 AD3d 901, 902-903 [2004], *lv dismissed and denied* 3 NY3d 735 [2004]). Noting that the motion was denied without prejudice, we find this also was well within the court's "broad discretion" to control expert disclosure (*id.* at 902).

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.