# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

990

CA 13-00453

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

COLLEEN O'BRIEN, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LARRY J. BAINBRIDGE AND FEDEX GROUND PACKAGE
SYSTEM, INC., DEFENDANTS-APPELLANTS.

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (PHILLIP GULISANO OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered June 11, 2012 in a personal injury action. The order denied the motion of defendants for partial summary judgment dismissing the complaint insofar as it alleges that plaintiff sustained a serious injury under the permanent loss of use category of Insurance Law § 5102 (d).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising from a motor vehicle accident, defendants appeal from an order denying their motion for partial summary judgment dismissing the complaint insofar as it alleges that plaintiff sustained a serious injury under the permanent loss of use category of Insurance Law § 5102 (d). We conclude that Supreme Court properly denied the motion as untimely. The complaint, as amplified by the amended bill of particulars, alleged that plaintiff sustained a serious injury under five different categories: (1) significant disfigurement; (2) permanent loss of use of a body organ, member, function or system; (3) permanent consequential limitation of use of a body organ or member; (4) significant limitation of use of a body function or system; and (5) a nonpermanent injury or impairment that prevented plaintiff from performing substantially all of the material acts constituting her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. After discovery, defendants timely moved for summary judgment dismissing the complaint, including the claim that plaintiff sustained a permanent loss of use of a body organ, member, function or system (original motion). Although plaintiff, in opposing the original motion, did not mention the permanent loss of use claim, the court denied that motion in its

entirety, thereby leaving intact all of plaintiff's claims.

Defendants moved for leave to reargue the original motion. In so moving, however, defendants did not refer to the permanent loss of use category; instead, their reargument motion was limited to the other four categories of serious injury alleged in the amended bill of particulars. The court granted reargument and, upon reargument, granted defendants' original motion in part by dismissing the claims that plaintiff sustained a serious injury under the permanent consequential and significant limitation of use categories. Although defendants appealed from that part of the order denying, upon reargument, the original motion with respect to the significant disfigurement and 90/180-day claims, defendants did not raise in their brief any contention concerning the permanent loss of use claim. On that appeal, we agreed with defendants regarding the 90/180-day claim but not regarding the significant disfigurement claim (*O'Brien v Bainbridge*, 89 AD3d 1511, 1512-1513). Thus, in our decision, we stated that "the issue of whether plaintiff's scars constitute a significant disfigurement should be decided by the trier of fact, *along with the remaining category of permanent loss of use*" (*id.* at 1513 [emphasis added]).

After the prior appeal, defendants moved for partial summary judgment dismissing the permanent loss of use claim (second motion). According to defendants, plaintiff had abandoned that claim when she failed to oppose that part of defendants' original motion concerning that claim, and the court, through an oversight, neglected to dismiss the claim in its initial order. The court denied the second motion as untimely, and we now affirm.

"Where . . . a court does not set a date by which summary judgment motions must be made pursuant to CPLR 3212 (a), such a motion must be made no later than 120 days after the filing of the note of issue 'except with leave of court on good cause shown' " (*Matys v Zuccala*, 52 AD3d 1241, 1241, quoting CPLR 3212 [a]). Good cause in the context of CPLR 3212 (a) "requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill v City of New York*, 2 NY3d 648, 652).

Here, the court did not set a deadline for the filing of summary judgment motions, and the note of issue was filed on May 3, 2010. Thus, pursuant to CPLR 3212 (a), the deadline for filing motions for summary judgment was August 31, 2010. The motion at issue in this appeal, i.e., the second motion, was filed on March 21, 2012, more than 18 months after the deadline, and we agree with the court that defendants failed to show good cause for the substantial delay. Contrary to defendants' assertions, plaintiff never "jettisoned" her claim that she sustained a serious injury under the permanent loss of use category, and the court did not inadvertently fail to address that claim in its initial decision. In fact, the court directly addressed the claim in its initial decision and, as noted, it denied defendants' original motion in its entirety. Although defendants moved to reargue the original motion, they failed in their reargument motion to mention

the permanent loss of use claim.  Thus, the court properly ignored that claim in its decision and order.  In any event, even if defendants had contended in the prior appeal that the court should have dismissed the permanent loss of use claim on reargument, which they did not, such a contention would not have been properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Under the circumstances, we conclude that the court properly determined that defendants failed to establish good cause for the untimely filing of the second motion.  The second motion was not necessitated by an oversight of the court, as defendants assert; instead, it arose from defendants' apparent misapprehension, when they filed the reargument motion, that the permanent loss of use claim had been dismissed by the court or abandoned by plaintiff.

Entered:  September 27, 2013                     Frances E. Cafarell
                                                Clerk of the Court