McCarthy, J.
In November 2002, plaintiff commenced this breach of contract action alleging that defendants failed to pay for fertilizer and feed that plaintiff delivered to them. Defendants answered and asserted a counterclaim that the feed was defective and injured their cows. Plaintiff filed a note of issue in December 2003 and the matter was set for trial in August 2004. Shortly before the trial was set to commence, defendants filed for bankruptcy and the trial was stayed. The bankruptcy petition was dismissed in May 2007 and, in January 2009, defendants moved to reopen this action to deal with their counterclaim. Supreme Court (Reynolds Fitzgerald, J.) granted that motion in April 2009. In an August 2009 scheduling order, the court required that defendants file all discovery demands by November 2009 and that plaintiff timely respond. In February 2012, *980 plaintiff moved for summary judgment granting the relief requested in its complaint and dismissing the counterclaim. Supreme Court (Lambert, J.) denied the motion on timeliness grounds. Plaintiff appeals.
Supreme Court did not err in denying plaintiff’s motion as untimely. A court may set a date after which no summary judgment motion may be made and, if no such date is set, the motion shall be made “no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown” (CPLR 3212 [a]). In the Sixth Judicial District, a local rule requires that summary judgment motions be submitted “no later than [60] days after the date when the [t]rial [n]ote of [i]ssue is filed,” unless permission is obtained after a movant shows good cause (Uniform Civil Procedural Rules of the Sixth Judicial Dist., available at http:// www.nycourts.gov/courts/6jd/rules.shtml [accessed Jan. 17, 2014]). Under the local rule, as plaintiff did not obtain court permission prior to filing its motion for summary judgment, such motion was due by February 2004 — 60 days after plaintiff filed the note of issue in December 2003 — unless that note of issue was vacated.
Plaintiff contends that Supreme Court (Reynolds Fitzgerald, J.) impliedly vacated the note of issue when it issued a new discovery order in August 2009. A court may be deemed to have vacated a note of issue sua sponte, even without explicitly stating so, if the court’s directives with respect to discovery “clearly evince its intent to do so and have the same practical effect” (Covington v Covington, 249 AD2d 735, 736 [1998]). Supreme Court’s actions and directives here did not evince such an intent. The May 2003 scheduling order required discovery to be completed by September 2003, a note of issue to be filed by October 2003 and expert disclosure provided in November and December 2003. That order recognized that certain discovery, namely expert disclosure, would be provided after the filing of the note of issue. In the April 2009 order granting defendant’s motion to reopen this matter, the court stated that it would “discuss discovery schedules (including expert disclosures) and trial dates with counsel as soon as practicable.” The August 2009 scheduling order required that defendants file all discovery demands by November 2009 and that plaintiff timely respond. That scheduling order does not separately mention expert disclosure, despite the language in the April 2009 order, nor *981 does it require plaintiff to file another note of issue.* As the record does not disclose that the court explicitly or implicitly vacated the note of issue that plaintiff filed in December 2003, Supreme Court (Lambert, J.) properly denied plaintiffs February 2012 motion for summary judgment as untimely (see Brill v City of New York, 2 NY3d 648, 652-653 [2004]).
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Although plaintiff contends that Supreme Court voided or vacated the note of issue in 2009, plaintiff did not file a new note of issue at any time prior to filing its summary judgment motion in 2012.