# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200.2**
**CA 14-01356**
PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

AINSWORTH M. BENNETT, INDIVIDUALLY AND ON
BEHALF OF THE ESTATE OF VIRGINIA R. BENNETT,
DECEASED, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ST. JOHN'S HOME AND ST. JOHN'S HEALTH CARE
CORPORATION, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

DAVID E. WOODIN, LLC, CATSKILL (DAVID E. WOODIN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, ROCHESTER (MARGARET E. SOMERSET OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

ANDREW B. STRICKLAND, WASHINGTON, DC, FOR AARP FOUNDATION LITIGATION,
LONG TERM CARE COMMUNITY COALITION, MFY LEGAL SERVICES, INC. AND
DISABILITY RIGHTS NEW YORK, AMICUS CURIAE.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (William P. Polito, J.), entered January 28,
2014. The order and judgment granted defendants' motion for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is affirmed without costs.

Memorandum: Plaintiff, individually and as the administrator of
the estate of his wife, Virginia R. Bennett (decedent), commenced this
action pursuant to Public Health Law § 2801-d, alleging that decedent
was deprived of certain rights and benefits derived from federal and
state regulations while she was a patient in a nursing home operated
by defendants. Supreme Court granted defendants' motion for summary
judgment dismissing the complaint, and plaintiff appeals.

Plaintiff contends that the motion should have been denied as
untimely because it was made more than 120 days after the filing of
the note of issue without a showing of good cause for the delay (*see
generally* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652).
Plaintiff waived that contention, however, by expressly consenting to
the timing of the motion before it was made (*see Stephen v Brooklyn
Pub. Lib.*, 120 AD3d 1221, 1221; *see generally Hadden v Consolidated
Edison Co. of N.Y.*, 45 NY2d 466, 469).

While we agree with our dissenting colleague that the court was not required to accept the express stipulation of the parties to extend the 120-day deadline in CPLR 3212, we note that the court in fact did so in advance of the motion (*cf. Coty v County of Clinton*, 42 AD3d 612, 614). Moreover, unlike our dissenting colleague, we do not view the timing requirements applicable to motions for summary judgment as a matter of public policy that may not be affirmatively waived by a party (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214).

With respect to the merits, we conclude that defendants established as a matter of law that they provided appropriate care and treatment to decedent and did not violate any of the various federal and state regulations identified by plaintiff as the bases for this action, and plaintiff failed to raise a triable issue of fact in opposition (*see Gold v Park Ave. Extended Care Ctr. Corp.*, 90 AD3d 833, 834; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except WHALEN, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent because I disagree with the majority's conclusion that plaintiff waived his contention that defendants' motion for summary judgment should have been denied as untimely. I would therefore reverse the order and judgment, deny defendants' motion, and reinstate the complaint.

Where, as here, Supreme Court does not schedule a deadline for filing motions for summary judgment, "such motion shall be made no later than one hundred and twenty days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212 [a]; *see O'Brien v Bainbridge*, 109 AD3d 1206, 1208; *Jones v Town of Le Ray*, 28 AD3d 1177, 1178). The moving party has the burden of demonstrating good cause, and "[n]o excuse at all, or a perfunctory excuse, cannot be 'good cause' " (*Brill v City of New York*, 2 NY3d 648, 652; *see LoGrasso v Myer*, 16 AD3d 1089, 1089-1090). In that context, CPLR 3212 (a) "requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (*Brill*, 2 NY3d at 652; *see O'Brien*, 109 AD3d at 1208).

The Court of Appeals has explained that requiring the movant to show good cause serves "the purpose of the amendment,[ i.e.,] to end the practice of eleventh-hour summary judgment motions" (*Brill*, 2 NY3d at 652), and that "statutory time frames . . . are not options, they are requirements, to be taken seriously by the parties. Too many pages of the Reports, and hours of the courts, are taken up with deadlines that are simply ignored" (*Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727).

Here, the court did not set a deadline for motions, and the note of issue was filed on April 20, 2012, which meant that all summary judgment motions were to be filed within 120 days and no later than August 18, 2012 (*see* CPLR 3212 [a]). The motion for summary judgment was not filed until June 28, 2013, which is just over 10 months beyond

the 120-day limit (*see O'Brien*, 109 AD3d at 1208).  Defendants' moving papers did not include any explanation for the delay, and the reason set forth by the court during proceedings on May 13, 2013 was simply that defendants may have a meritorious motion and, thus, that determining the motion might simplify the issues at trial, which is the same excuse that was rejected by the Court of Appeals in *Miceli* and *Brill* (*see Miceli*, 3 NY3d at 727; *Brill*, 2 NY3d at 652-653).  I therefore conclude that the motion should not have been entertained by the court.

In my view, the fact that the parties entered a stipulation to allow defendants to make a late motion for summary judgment does not alter the above analysis inasmuch as "[the] parties' stipulation is insufficient to excuse [a] delay" (*Coty v County of Clinton*, 42 AD3d 612, 614).  "Unless public policy is violated, the parties are free to chart their own procedural course, and may fashion the basis upon which a particular controversy will be resolved" (*Loretto-Utica Props. Corp. v Douglas Co.*, 226 AD2d 1058, 1059 [internal quotation marks omitted]; *see Mitchell v New York Hosp.*, 61 NY2d 208, 214).  However, as articulated by the legislature and the Court of Appeals, it is public policy to strictly enforce the 120-day limit for summary judgment motions in the absence of leave of court on good cause shown.  CPLR 3212 (a) was amended by the legislature with "the purpose . . . to end the practice of eleventh-hour summary judgment motions" (*Brill*, 2 NY3d at 652), which the Court of Appeals described as a "sloppy practice threatening the integrity of our judicial system" (*id.* at 653).  "[T]he Court of Appeals [has] clearly indicated that the 120-day statutory time frame contained in CPLR 3212 (a) is a strict requirement 'to be taken seriously by the parties' " (*Coty*, 42 AD3d at 614, quoting *Miceli*, 3 NY3d at 726) and "must be 'applied as written and intended' " (*id.*, quoting *Brill*, 2 NY3d at 653).  Although parties may stipulate away some statutory rights (*see Mitchell*, 61 NY2d at 214), under CPLR 3212 (a) and the decisions of the Court of Appeals in *Brill* and *Miceli*, "the court has the exclusive authority to extend the statutory deadline; mutual agreement of the parties without court approval will not suffice" (*Coty*, 42 AD3d at 614), and the court may not approve of the delayed motion without a showing of good cause (*see* CPLR 3212 [a]; *Brill*, 2 NY3d at 652).  Thus, contrary to the majority's position, litigants cannot waive the statutory requirement that good cause be shown in order to permit the late filing of a motion pursuant to CPLR 3212, and the statute does not permit courts to accept a stipulation of the parties "in advance of the motion" where there is no showing of good cause.  I therefore conclude that, while a court may accept a late motion for summary judgment "pursuant to both a stipulation and the court's own order, *upon a showing of 'good cause'* " (*Jim Beam Brands Co. v Tequila Cuervo La Rojena, S.A. De C.V.*, 85 AD3d 556, 556-557 [emphasis added]), a stipulation alone is not sufficient to extend the deadline imposed by the statute (*see Coty*, 42 AD3d at 614).

As discussed above, the parties' stipulation in the present case was accompanied by acquiescence of the court, but without any showing of good cause for the delay.  In my view, "[i]f this practice is

tolerated and condoned, the ameliorative statute is, for all intents and purposes, obliterated" (*Brill*, 2 NY3d at 653).  The courts should heed the admonition of the Court of Appeals and not countenance such statutory violations (*see id.*).

Entered:  May 8, 2015                                Frances E. Cafarell
                                                    Clerk of the Court