Wilmington Sav. Fund Socy., FSB v McKenna (2019 NY Slip Op 03710)





Wilmington Sav. Fund Socy., FSB v McKenna


2019 NY Slip Op 03710


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

526182

[*1]WILMINGTON SAVINGS FUND SOCIETY, FSB, Doing Business as CHRISTIANA TRUST, as Trustee, Appellant,
v
STEPHEN M. McKENNA, Also Known as STEPHEN McKENNA, Respondent, et al., Defendant.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore (John A. Cirando of D.J. & J.A. Cirando, Esqs., Syracuse, of counsel), for appellant.
Niles Bracy & Mucia, PLLC, Plattsburgh (John M. Crotty of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered March 22, 2017 in Essex County, which, among other things, denied plaintiff's motion for summary judgment.
Plaintiff's predecessor in interest commenced this action seeking to foreclose on certain real property owned by defendant Stephen M. McKenna. Sometime after joinder of issue, the note was transferred and the mortgage was assigned to plaintiff and the caption of this action was amended accordingly. In January 2016, after denying plaintiff's motion for summary judgment without prejudice, Supreme Court (Muller, J.) issued a preliminary conference stipulation and order requiring that "[a]ny dispositive motion(s) pursuant to CPLR 3211 or 3212 . . . be filed with the [c]ourt no later than December 31, 2016." In February 2017, plaintiff again moved for summary judgment foreclosing on the mortgage. Supreme Court (Ellis, J.) denied that motion on the ground that it was untimely. Plaintiff now appeals, and we affirm.
Pursuant to CPLR 3212 (a), a "court may set a date after which no [motion for summary judgment] may be made" and, where "no such date is set by the court, such motion shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d 648, 652 [2004]; McDowell & Walker, Inc. v Micha, 113 AD3d 979, 980 [2014]). In addition to seeking leave of court to file a late motion, the proponent of the motion must demonstrate good cause for the delay — that is, "a satisfactory explanation for the [motion's] untimeliness" (Brill v City of New York, 2 NY3d at 652; see Coty v County of Clinton, 42 AD3d 612, 614 [2007]). A trial court is vested with the exclusive authority to extend filing deadlines (see Coty v County of Clinton, 42 AD3d at 614), and we will [*2]not disturb its determination to deny a late motion as untimely, unless there is a clear abuse of discretion (see Harrington v Palmer Mobile Homes, Inc., 71 AD3d 1274, 1274-1275 [2010]; Town of Kinderhook v Slovak, 47 AD3d 1093, 1093 [2008]).
Plaintiff filed the underlying motion for summary judgment on February 6, 2017, more than five weeks after the court-ordered filing deadline, which was a strict requirement that was "to be taken seriously by the parties" (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]). Plaintiff did not, as required, seek leave of court prior to filing its late motion (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d at 652; Harrington v Palmer Mobile Homes, Inc., 71 AD3d at 1275). In an unsworn letter dated four days after the filing of the late motion, plaintiff's counsel stated that the delay was attributable to law office failure — namely, an electronic calendaring error. However, in that letter, plaintiff's counsel did not seek any affirmative relief, such as leave to file a late motion or an extension of time within which to file the motion. Under these circumstances, we cannot say that Supreme Court abused its discretion in denying plaintiff's motion for summary judgment as untimely (see Harrington v Palmer Mobile Homes, Inc., 71 AD3d at 1275; compare Covert v Samuel, 53 AD3d 1147, 1148 [2008]). Accordingly, there is no basis upon which to disturb Supreme Court's order (see Harrington v Palmer Mobile Homes, Inc., 71 AD3d at 1275).
In light of our determination, we need not reach plaintiff's remaining contention.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.