**Frascino v Aerco Intl., Inc.**

2025 NY Slip Op 32373(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 190047/2022

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ERIC SCHUMACHER**       PART           **13M**

*Justice*

-------------------------------------------------------------------------X

SUSAN FRASCINO,

                                 Plaintiff,

                  - v -

AERCO INTERNATIONAL, INC. et al.,

                               Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190047/2022 |
| MOTION DATE | 07/07/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 247-249, 252, and 254 were read on this motion for leave to reargue.**

Motion by G.S. Blodgett Corp. pursuant to CPLR 2221(d) for leave to reargue this court's denial of its motion in seq. no. 002 pursuant to CPLR 3212 for summary judgment to dismiss the complaint and all cross claims as asserted against it, and, upon reargument, to grant the underlying motion, granted to the extent that leave to reargue is granted, and upon reargument, the motion is denied.

CPLR 2221(d) provides, in relevant part that "[a] motion for leave to reargue. . . [2] shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." A motion for leave to reargue "is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks and citations omitted], lv dismissed in part & denied in part, 80 NY2d 1005 [1992], rearg denied, 81 NY2d 782 [1993]). "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided . . . or to present arguments different from those originally asserted" (Matter of Setters v AI Props. & Devs. (USA) Corp., 139 AD3d 492, 492 [1st Dept 2016] [internal quotation marks and citations omitted]). "On reargument the court's attention must be drawn to any controlling fact or applicable principle of law which was misconstrued or overlooked" (Macklowe v Browning Sch., 80 AD2d 790, 791 [1st Dept 1981]).

The court, in its decision and order in motion seq. no. 002, denied the motion by defendant G.S. Blodgett Corp. (hereinafter Blodgett) pursuant to CPLR 3212 for summary judgment as untimely (see NYSCEF doc no. 243). It is undisputed that the operative deadline in this case for filing summary judgment motions was the deadline set by the prior motion court, which was 45 days from the date of the transfer order[1]. The 45-day deadline was set by Justice

---

[1]Discovery in NYCAL is coordinated and conducted by an appointed special master and generally, upon the filing of the note of issue, the special master transfers the case to the Coordinating Justice as it is ready to proceed to trial. This is done by way of a transfer order that is signed by the Coordinating Justice.

**190047/2022 FRASCINO v AERCO INTL., INC. et al.**
**Motion No. 003**
                 **Page 1 of 5**

1 of 5

[* 1]

Adam Silvera when he presided over NYCAL as the Coordinating Justice, and it continued to be implemented by Justice Suzanne Adams when she assumed the role of Coordinating Justice of NYCAL in September 2024, following Justice Silvera's tenure. The transfer order is dated October 9, 2024. Under the circumstances, the motion should have been filed on or before November 23, 2024. The motion was filed on January 3, 2025, 41 days late. Movant set forth no argument in the underlying papers as to the timeliness of the motion. The court, through an independent search of the filed papers in the case, identified a stipulation, filed on November 20, 2024, that purported to extend the deadline for Blodgett to file a motion for summary judgment from November 23, 2024, to January 3, 2025 (see NYSCEF doc no. 183). This stipulation was not so ordered by Justice Adams. There was also no reason provided in the stipulation for purportedly extending the filing deadline. In denying the motion for summary judgment as untimely, this court opined that the unilateral stipulation of counsel that was never so ordered by the prior motion court was not effective. As such, even if movant had relied on it, it would not constitute good cause for the delay in filing the underlying motion (see Coty v County of Clinton, 42 AD3d 612, 614 [3d Dept 2007]).

The sum and substance of Blodgett's argument in the current motion is that it "never previously set forth 'good cause' for the delay in filing the Motion for Summary Judgment because Blodgett anticipated, based upon prior NYCAL custom and practice, that the stipulation to extend time to file would be honored" (see NYSCEF doc no. 248, at 6). Blodgett asserts that the filed stipulation would have been allegedly accepted under a "more loosely enforced procedural schema" during Justice Adam Silvera's tenure as Coordinating Justice of NYCAL (see NYSCEF doc no. 249, James S. Montano, Esq.'s affirmation, at 2). Blodgett, in relation to the operative deadline for filing summary judgment motions, argues that "[i]t would [have] be[en] impossible to anticipate rigid adherence to [the] rule which was previously relaxed by Hon. Adam Silvera, at the time the stipulation was signed, 2 months before Hon. Eric Schumacher assumed NYCAL stewardship. . . ." (Id.) Blodgett's asserts that this constitutes good cause for the delay in filing the underlying motion.

The court finds Blodgett's assertion that Justice Silvera allegedly "loosely enforced" his part rules and generally honored party stipulations that purportedly extended filing deadlines for motions for summary judgment without so ordering them, speculative, conclusory, and unavailing. "[The] affirmation of [an] attorney who demonstrated no personal knowledge. . . . is without evidentiary value and thus unavailing." (See Zuckerman v New York, 49 NY2d 557, 563 [1980].) There is no showing by Blodgett that Justice Silvera permitted such practice. Blodgett's counsel in his affirmation merely states that such stipulations "were generally honored, pro forma, as a matter of course" (see NYSCEF doc no. 249, James S. Montano, Esq. affirmation in support of motion to reargue ¶ 6). Counsel did not affirm that he had personal knowledge of motion practice during the time Justice Silvera was the Coordinating Justice of NYCAL. Counsel merely affirms familiarity with the facts of this case (id. ¶ 1). Blodgett also asserts that "[u]nder the stewardship of Hon. Adam Silvera, use of voluntary stipulations to extend time to Answer, motion deadlines or discovery deadlines became a common tool to manage litigation-related issues in a collegial manner without overburdening the Court with dozens [of] ancillary applications" (see NYSCEF doc no. 248, at 4). In a footnote to this statement, Blodgett offers three examples of cases where stipulations, which were not so ordered by the motion court, were allegedly filed to extend the deadline to file motions for summary judgment (see NYSCEF doc

no. 248, at 4 n; see <u>Rene Flagg Perez v Avon Prods., Inc. et al.</u>, index no. 190111/2024, NYSCEF doc no. 160 [stipulation adjourning oral argument date for summary judgment motion, not for filing of the motion itself], <u>Charles Henry and Synthia Henry v Air & Liquid Sys. Corp. et al.</u>, index no. 190235/2022, NYSCEF doc no. 80, <u>Ronald Cardillo et al. v American Intl. Indus. et al.</u>, index no. 190199/2020, NYSCEF doc no. 567). The motions in these three cases were withdrawn without the motion court opining on their timeliness (see index no. 190111/2024, NYSCEF doc no. 164, index no. 190235/2022, NYSCEF doc no. 172, index no. 190199/2020 NUSCEF doc no. 1168). While stipulations can effectuate litigation management, parties cannot merely stipulate to all matters that concern a litigation or overcome certain statutory deadlines by doing so (see <u>Appleyard v Tigges</u>, 171 AD3d 534, 536 [1st Dept 2019] ["The Court of Appeals has made it clear that 'statutory time frames—like court-ordered time frames—are not options, they are requirements, to be taken seriously by the parties.'" [internal citations omitted]; see also <u>Coty</u> at 614 ["the court has the exclusive authority to extend the statutory deadline" for filing summary judgment motions]).

Further, Blodgett provided incomplete relevant procedural history of this case in its supporting papers. Justice Silvera was assigned as the Coordinating Justice of NYCAL in 2020. It is undisputed that the deadline for filing summary judgment motions pursuant to Justice Silvera's part rules was 45 days from the date of the transfer order. Following Justice Silvera's tenure, in September 2024, Justice Adams became the Coordinating Justice of NYCAL. As is relevant here, Justice Adams maintained the rules that had been in place at the time Justice Silvera presided over NYCAL. Then, as of January 7, 2025, this court was assigned the NYCAL part. Critically, the underlying motion was both filed and fully submitted during Justice Adams' tenure. Blodgett's attempted reliance on the past practices of Justice Silvera, even if it were availing, which it is not, is irrelevant to the timeframes of the motion.

In <u>Appleyard</u>, the Appellate Division, First Department, held that the part rules of the administratively reassigned judge controlled the filing of a summary judgment motion and found that the motion was untimely "reasoning that defendants were aware of the reassignment of the matter to the motion court prior to the [summary judgment filing] deadline, yet failed to move for an extension of time to file the motion for summary judgment prior to that date" (<u>Appleyard</u> at 535). Here, Blodgett cannot claim that it was unaware of Justice Adams being the assigned Coordinating Justice of NYCAL during the relevant period for two reasons. First, Blodgett "could have easily determined which judge was assigned to the matter" (<u>Fine v One Bryant Park, LLC</u>, 84 AD3d 436, 437 [1st Dept 2011]). Second, Blodgett's notice of motion in seq. no. 002 itself states that Blodgett will move before Justice Adams pursuant to CPLR 3212 for summary judgment (see NYSCEF doc no. 210). It is beyond cavil that Blodgett has failed to show any pattern or general practice adopted by Justice Adams where such stipulations that purportedly extended the deadline for filing summary judgment motions were "routinely" accepted instead of being so ordered by the motion court. A deadline to file a motion for summary judgment is controlling "given that there is no subsequent order or directive explicitly providing otherwise" (<u>Winfield v Monticello Senior Hous. Assoc.</u>, 136 AD3d 451, 452 [1st Dept 2016]). There is no showing that such alleged "routine acceptance" of unilateral stipulations without so ordering them would constitute good cause for the delay in filing the motion. Under the circumstances, Blodgett has failed to show that the court overlooked or misapprehended the facts or the law, or for some reason mistakenly arrived at its earlier decision.

Blodgett asserts that "[j]udicial economy is not served by rigid applications of procedural rules. . . [and] failure to consider a Summary Judgment Motion on the merits will almost certainly result in more parties seeking a subsequent trial, as neither party has obtained a ruling on what are believed to be meritorious legal defenses" (see NYSCEF doc. no. 254, at 2). Blodgett further asserts that the motion court in Coty had noted that the untimely motion for summary judgment would have been denied on the merits regardless of the deadline for filing of the motion. Blodgett argues that this court should vacate its decision and order in seq. no. 002 and consider the motion on the merits, as the motion court in Coty had done. Contrary to these assertions, the court cannot simply permit meritorious, nonprejudicial filings, however tardy, as that would swallow the rule that set statutory deadlines for filing motions for summary judgment (see Brill at 652; see also Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 276 [2004]). Even the Coty Court did not find that the motion court should have looked at the merits of the motion in order to find the summary judgment motion untimely.

This court notes that the parties filed the stipulation before the deadline to file the motion for summary judgment. The parties most likely believed that the stipulation would suffice to purportedly extend the statutory deadline for filing of the motion, or that it constituted good cause for the delay in filing of the motion. Such unilateral stipulation of counsel that was never so ordered by the prior motion court is not effective, and movants reliance on it does not constitute good cause for the delay in filing the underlying motion. Whatever the parties believed would be the outcome of such stipulation is speculative, conclusory, and ultimately, unavailing. Blodgett in this motion improperly asserted facts and raised arguments that were new and not originally asserted in the underlying motion. This court will continue to honor and enforce the legal precedent of appellate courts as well as the part rules that were effective and operative when summary judgment motions, such as this one, were filed.

THIS SPACE IS INTENTIONALLY LEFT BLANK

190047/2022   FRASCINO v AERCO INTL., INC. et al.                                              Page 4 of 5
Motion No.  003

4 of 5

## CONCLUSION

Accordingly, it is

ORDERED that motion by G.S. Blodgett Corp. pursuant to CPLR 2221(d) for leave to reargue this court's denial of its motion in seq. no. 002 pursuant to CPLR 3212 for summary judgment to dismiss the complaint and all cross claims as asserted against it, and, upon reargument to grant the underlying motion, is granted and to the extent that it is

ORDERED that leave to reargue is granted, and it is

ORDERED that, upon reargument, the motion is denied; and it is further

ORDERED that within five days of entry, plaintiff shall serve a copy of this order with notice of entry on G.S. Blodgett Corp.

The foregoing constitutes the decision and order of the court.

_____
7/7/2025
**DATE**

_____
**ERIC SCHUMACHER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

190047/2022   FRASCINO v AERCO INTL., INC. et al.                          Page 5 of 5
Motion No.  003