[819 NE2d 995, 786 NYS2d 379]

MARY MICELI, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

Argued September 14, 2004; decided October 21, 2004

APPEARANCES OF COUNSEL

*Rivkin Radler LLP*, Uniondale (*Stuart M. Bodoff, Evan H. Krinick* and *Cheryl F. Korman* of counsel), and *Hagelin & Bischof, LLC*, for appellant.

*Barth, Sullivan & Behr, LLP*, Buffalo (*Laurence D. Behr* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and plaintiff's motion for summary judgment denied.

Barely five months ago, in *Brill v City of New York* (2 NY3d 648 [2004]), this Court reversed an award of summary judgment for defendant, without considering its merit, on the ground that the motion, made more than 120 days after note of issue was filed, failed to comply with the statutory requirement that "good cause" be shown for the late filing. We determined that, if the merit of the motion itself constituted good cause, the statutory deadline would be circumvented and the practice of delaying such motions until the eve of trial encouraged. As the Legislature clearly specified, summary judgment motions should be timely made, or good cause shown.

As we made clear in *Brill*, and underscore here, statutory time frames—like court-ordered time frames (*see Kihl v Pfeffer*, 94 NY2d 118 [1999])—are not options, they are requirements, to be taken seriously by the parties. Too many pages of the

Reports, and hours of the courts, are taken up with deadlines that are simply ignored.

Plaintiff does not dispute that her motion for summary judgment was made more than 120 days after note of issue was filed, and offers no excuse for her failure to comply with CPLR 3212 (a), arguing only that her motion is meritorious. This was precisely defendant's position before us in *Brill*. To countenance plaintiff's position here would require us to overturn our own recent precedent. This we refuse to do, and we therefore reverse the order of the Appellate Division awarding summary judgment to plaintiff, without considering the merit of the motion.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum; Judge G.B. SMITH concurs on constraint of *Brill v City of New York* (2 NY3d 648 [2004]).

Order reversed, etc.