■ Luis Sanango, Plaintiff, v Sal T. Generoso, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Seung Moon, Third-Party Defendant-Respondent. [786 NYS2d 99]—In an action to recover damages for personal injuries, the defendant third-party plaintiff, Sal T. Generoso, appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 24, 2004, as denied his motion for summary judgment on his third-party complaint for indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant's motion for summary judgment was made well after the 120-day limit imposed by CPLR 3212 (a) and he failed to demonstrate good cause for the delay in making the motion. Therefore, the motion was properly denied (*see Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725 [2004]; *Brill v City of New York,* 2 NY3d 648 [2004]).

In the order appealed from by the defendant third-party

plaintiff, the Supreme Court also denied the plaintiff's motion for partial summary judgment on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the appellant, finding that there exist issues of fact. The plaintiff did not file a notice of appeal, however, and we decline the plaintiff's invitation to nevertheless search the record and award him summary judgment (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]), as we agree with the Supreme Court's assessment of the merits of the plaintiff's motion. Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.