[789 NYS2d 29]

PERINI CORPORATION, Appellant, v CITY OF NEW YORK (DEPART-
MENT OF ENVIRONMENTAL PROTECTION), Respondent.

First Department, February 3, 2005

### APPEARANCES OF COUNSEL

*Law Offices of Melvin J. Kalish*, Mineola (*Melvin J. Kalish* and *William A. Jaskola* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Elizabeth S. Natrella, Pamela Seider Dolgow* and *Robina M. Gumbs* of counsel), for respondent.

### OPINION OF THE COURT

MARLOW, J.

After the order on appeal was rendered, the Court of Appeals spoke clearly and decisively on what constitutes "good cause" for obtaining an extension of time to comply with the statutory requirements for moving for summary judgment after a party files a note of issue (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). We take this opportunity to emphasize and to caution the bar that the language of *Miceli* and *Brill* is clear and strict. Therefore, the rule these holdings address may not be approached casually without significant risk of adverse consequences. Furthermore, in the wake of *Miceli* and *Brill*, parties may no longer rely on the merits of their cases to extricate themselves from failing to show good cause for a delay in moving for summary judgment pursuant to CPLR 3212 (a).

Here, defendant City of New York failed to demonstrate good cause, as the Court of Appeals has recently defined that phrase. Therefore, we reverse the order on appeal, wherein the Supreme Court granted summary judgment to defendant, and reinstate the complaint.

On December 4, 1996, plaintiff contractor commenced this breach-of-contract action against defendant for extra work performed at the Hunts Point Water Pollution Control Plant. After issue was joined and discovery exchanged, a note of issue was filed on June 4, 2001. At an "Early Settlement Unit Conference" on June 27, 2002, defendant's attorney represented that she intended to move for summary judgment, and the conference was adjourned until September 26, 2002. However, on that date, defendant had not yet moved for summary judgment as promised. It was not until the next day that defendant moved, by order to show cause, for leave to file a late summary judgment motion.

In explaining the delay in moving for summary judgment, counsel for defendant maintained that about a month after June 4, 2001, the date plaintiff's attorney filed the note of issue,

a personal problem required her to take some time off. Thereafter, access to the City's law department offices was restricted in the aftermath of the September 11, 2001 terrorist attack. Shortly after counsel's department was relocated to temporary space in Brooklyn, counsel became ill and was on sick leave for several months. Counsel did not specify when she returned to work. She claimed that when she did return to work, her office and files were being relocated back to lower Manhattan, but many files had been lost or misplaced. Counsel did not specify whether the file in this particular action had been lost or misplaced, or whether or when it had been retrieved. In any event, at the June 27, 2002 conference, counsel indicated that she intended to move for summary judgment, but subsequently offered no explanation why the motion had not been made within the ensuing three months. Instead, counsel claimed that plaintiff had failed to strictly comply with certain contractual notice provisions which were conditions precedent to the lawsuit, and that therefore, defendant was entitled to judgment as a matter of law.

Plaintiff opposed the motion on the ground that defendant had not demonstrated good cause for its failure to move for summary judgment prior to the September 26, 2002 conference date. As to the merits, plaintiff argued that it had substantially complied with the contractual notice provisions.

Although the motion court acknowledged that defendant had offered no excuse for its three-month delay in moving for summary judgment between the June and September 2002 conference dates, it nevertheless granted defendant's motion. Specifically, the court found that plaintiff had not demonstrated any prejudice from the delay, and that it was in the interest of judicial economy to dispense with a trial where there were no issues of fact to be resolved.

We reverse. CPLR 3212 (a), as amended effective January 1, 1997, provides that if the court does not set a date by which a motion for summary judgment may be made, "such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." Since the statute was amended, the Court of Appeals has had the opportunity to address the issue of what constitutes good cause and has specifically rejected the notion that the merit of a motion will excuse its untimeliness.

In *Brill v City of New York* (*supra*), the Court of Appeals reversed an award of summary judgment in the City's favor,

without considering the merits on the ground that the City failed to comply with the statutory requirement that "good cause" be shown for the late filing. The Court held that "[n]o excuse at all, or a perfunctory excuse, cannot be 'good cause' " (2 NY3d at 652). Several months later, the Court reinforced its interpretation of "good cause" and "underscore[d]" its position that "statutory time frames—like court-ordered time frames—are not options, they are requirements, to be taken seriously by the parties" (*Miceli v State Farm Mut. Auto. Ins. Co., supra*, 3 NY3d at 726 [citation omitted]).

Here, the statutory deadline for moving for summary judgment was early October 2001. While defendant did demonstrate good cause for its delay in the aftermath of 9/11 until June 2002, counsel offered no explanation for defendant's failure to move within the three months between the two settlement conferences in June and September 2002. Thus, by virtue of the clear intent and unequivocal language in *Brill* and *Miceli*, the motion court should not have considered prejudice and judicial economy, and it should have held defendant accountable for its unexplained delay.

Accordingly, the order of the Supreme Court, New York County (Michael D. Stallman, J.), entered September 16, 2003, which granted defendant's motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs, the motion denied and the complaint reinstated.

BUCKLEY, P.J., ELLERIN and CATTERSON, JJ., concur.

Order, Supreme Court, New York County, entered September 16, 2003, reversed, on the law, without costs, the motion for summary judgment dismissing the complaint denied, and the complaint reinstated.