■ Janet Baldessari, Appellant, v Rosetta Caines et al., Respondents. [878 NYS2d 159]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated

June 26, 2007, as denied that branch of her cross motion which was to deny the defendants' motion for summary judgment as untimely, and (2) from an order of the same court entered January 10, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated June 26, 2007, is reversed insofar as appealed from, on the law, that branch of the cross motion which was to deny the defendants' motion for summary judgment as untimely is granted, and the order entered January 10, 2008, is vacated; and it is further,

Ordered that the appeal from the order entered January 10, 2008, is dismissed as academic in light of our determination on the appeal from the order dated June 26, 2007; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's cross motion which was to deny the defendants' motion for summary judgment on the ground that the motion was untimely. The defendants concede that their summary judgment motion was made beyond the time period set forth in the court's certification order (*see* CPLR 3212 [a]). While such a motion may nevertheless be entertained with leave of court on good cause shown (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]), the defendants' "perfunctory claims of unspecified clerical inadvertence and reassignment of counsel were insufficient to constitute good cause for the delay" (*Breiding v Giladi*, 15 AD3d 435 [2005]; *see Brill v City of New York*, 2 NY3d 648 [2004]; *Sanango v Generoso*, 13 AD3d 349 [2004]; *Gibbs v McRide Cab Co.*, 10 AD3d 671 [2004]). Accordingly, that branch of the plaintiff's cross motion which was to dismiss the defendant's motion for summary judgment on the ground that it was untimely should have been granted. Additionally, the motion for summary judgment should not have been entertained, and thus the order entered January 10, 2008, which granted the defendants' motion for summary judgment, is vacated. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.