■ MICHAEL HURLEY, Plaintiff, v BEST BUY STORES, L.P., et al., Defendants. SCHIMENTI CONSTRUCTION COMPANY, LLC, Third-Party Plaintiff-Respondent, v SAGE ELECTRICAL CONTRACTING, INC., Third-Party Defendant-Appellant. BEST BUY STORES, L.P., et al., Second Third-Party Plaintiffs-Respondents, v SAGE ELECTRICAL CONTRACTING, INC., Second Third-Party Defendant-Appellant. [896 NYS2d 676]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered October 29, 2009, which, to the extent appealed from as limited by the brief, granted defendants' motion to extend the time to move for summary judgment, and granted third-party plaintiff Schimenti Construction indemnification against third-party defendant Sage Electrical Contracting, unanimously reversed, on the law, without costs, and the motion denied.

Defendants failed to demonstrate "good cause" for their belated summary judgment motion (CPLR 3212 [a]; *Brill v City of New York,* 2 NY3d 648, 652 [2004]). The fact that they switched counsel before their prior counsel could take steps for relief from plaintiff's negligence claims does not constitute good cause, since prior counsel should have been aware of various defenses and should have requested such relief in a timely manner in their first summary judgment motion (*see Breiding v Giladi,*

15 AD3d 435 [2005]; *see also Perini Corp. v City of New York [Department of Envtl. Protection],* 16 AD3d 37 [2005]). In light of this decision, we need not consider whether triable issues of fact would have precluded summary relief. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.