Castro v Omni Ins. Co. (2022 NY Slip Op 50057(U))

[*1]

Castro v Omni Ins. Co.

2022 NY Slip Op 50057(U) [74 Misc 3d 127(A)]

Decided on January 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-834 K C

Michael R. Castro, as Assignee of Karim
Abad, Respondent, 
against
Omni Ins. Co., Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
Gary Tsirelman, P.C. (Darya Klein of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated September 11, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, it is undisputed
that the vehicle in question was insured by defendant under a Pennsylvania automobile insurance
policy and that defendant received notice of plaintiff's claim more than 30 days after the accident.
Defendant moved for summary judgment dismissing the complaint, asserting that Pennsylvania
substantive law applied, and arguing that, under Pennsylvania law, it was entitled to dismissal of
the complaint because it had not received timely notice of either the accident or the claim for
insurance benefits, and plaintiff had failed to demonstrate good cause for the lateness of the
notice it had provided. In support of its motion, defendant submitted, among other things, a
portion of its insured's automobile insurance policy, which provided, in part: "We must be
notified within 30 days, or as soon as practicable, of how, when and where the accident or loss
happened."
Plaintiff opposed the motion in part on the ground that it was untimely because it had been
made more than 120 days after a notice of trial had been served. With respect to the substantive
portion of the motion, plaintiff agreed that Pennsylvania law controlled, but argued that questions
of fact as to whether plaintiff had given notice of the accident or loss as soon as practicable
precluded summary judgment, and, in addition, that the governing policy did not require plaintiff
or plaintiff's assignor to provide a reasonable justification for its late notice. The Civil Court
deemed the motion to have been timely made, but denied it on the ground that there existed a
triable issue of fact as to whether defendant had been notified of the claim as soon as
practicable.
We note that the record is devoid of any showing that a notice of trial, the Civil Court
equivalent to a note of issue, was filed with the clerk of the Civil Court more than 120 days prior
to the time when defendant made its summary judgment motion. Consequently, the motion was
not shown to be untimely (see CPLR 3212 [a]). 
It is undisputed that Pennsylvania law controls with respect to the substance of this
controversy (see T & S Med.
Supply Corp. v Ocean Harbor Cas. Ins. Co., 59 Misc 3d 142[A], 2018 NY Slip Op
50665[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see also Jimenez v Monadnock Constr.,
Inc., 109 AD3d 514, 516 [2013]). Pennsylvania insurance policies, such as the one at
issue in this matter, pursuant to which an insured is required to provide the insurer with notice
"as soon as practicable," are governed by a "notice-prejudice" rule (see Lozado v Workers'
Compensation Appeal Board [Dependable Concrete Work and Uninsured Employers Guaranty
Fund], 123 A3d 365, 378 [Pa Commw 2015]). Under the notice-prejudice rule, "unless the
insurer establishes prejudice resulting from the insured's failure to give notice as required under
the policy, the insurer cannot avoid its contractual obligation" (Ario v Underwriting Members
of Lloyd's of London Syndicates, 996 A2d 588, 598 [Pa Commw 2010]; see Brakeman v
Potomac Ins. Co., 472 Pa 66, 76-77, 371 A2d 193, 198 [1977]). The Civil Court correctly
concluded that there was an unresolved issue of fact as to whether defendant had been given
notice of the accident or loss as soon as practicable. In any event, as defendant's motion papers
failed to establish that it had been prejudiced by reason of the lateness of the notice it received,
the Civil Court properly denied defendant's motion. 
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 21, 2022