Cooper v Metropolitan Transp. Auth. (2022 NY Slip Op 00371)





Cooper v Metropolitan Transp. Auth.


2022 NY Slip Op 00371


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 451882/14, 595466/15E, 595878/15 Appeal No. 15142 Case No. 2020-04965 

[*1]Carolyn Cooper, Plaintiff-Respondent,
v
Metropolitan Transportation Authority et al., Defendants-Respondents, Amsafe Commercial Products, Inc., Now Known as Shield Restraint Systems, Defendant, Freedman Seating Company, Defendant-Appellant.
Metropolitan Transportation Authority et al., Third-Party Plaintiffs-Respondents,
v
Freedman Seating Company, Third-Party Defendant-Appellant.
Freedman Seating Company, Fourth-Party Plaintiff-Appellant,
v
Amsafe Commercial Products, Inc., Now Known as Shield Restraint Systems, Fourth-Party Defendant.


Wood Smith Henning & Berman, New York (Margaret Mazlin of counsel), for appellant.
Shein Johnson P.C., Melville (Barry Montrose of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 22, 2020, which denied the motion of defendant/third-party defendant/fourth-party plaintiff Freedman Seating Company for summary judgment dismissing the cross claims by defendants/third-party plaintiffs Metropolitan Transportation Authority, New York City Transit Authority doing business as MTA New York City Transit and Access-A-Ride CBT Para Transit (together, the MTA defendants) and the third-party complaint as against it, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying Freedman's motion for summary judgment as untimely. Although the court's part rules state that all dispositive motions are to be made within 60 days of filing of the note of issue, Freedman, which had settled with plaintiff and been dismissed from the action, waited until January 2020 — one year after plaintiff had filed her note of issue — to move for summary judgment dismissing the MTA defendants' cross claims and third-party complaint as against it. Freedman's contention that it was unaware of the case's status because the other parties failed to apprise it of various events, such as filing of the note of issue and the striking of the MTA defendants' answer for failure to appear at a court-ordered deposition, did not constitute "good cause" for the delay in making the motion (CPLR 3212[a]; see Brill v City of New York, 2 NY3d 648, 652 [2004]). In any event, Freedman failed to give any explanation for waiting three months to bring its summary judgment motion after purportedly being made aware of the status of the case Perini Corp. v City of New York (Department of Envtl. Protection), 16 AD3d 37, 39 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022