| **Nunez v 198 St. Ltd.** |
|:---:|
| 2022 NY Slip Op 34954(U) |
| August 24, 2022 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 30091/2018E |
| Judge: Alison Y. Tuitt |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, PART __5__
------------------------------------------------------------------------X
Miguel Nunez,

                        Petitioner(s)

                -against-


  198 Street Limited,



                        Respondent(s).
------------------------------------------------------------------------X

**Index No.: 30091/2018E**

Present:
HON. **ALISON TUITT**
                    *Justice*

The following papers numbered 1 to were read on these Notice of Motions ( 4)
for __ _Summary Judgment_____, noticed on _____

| Notice of Motion (seq.   – Order to Show Cause – Memorandums of Law, Affirmations, Exhibits and Affidavits Annexed | No(s).                    1 |
|---|---|
| Answering Memorandums, Affirmations, Affidavit and Exhibits | No(s). |
| Replying Memorandums, Affirmations, Affidavit and Exhibits | No(s). |

Motion is Respectfully referred to Justice:

Dated: _____

Upon the foregoing papers, it is ordered that this motion is decided in accordance with the annexed memorandum decision.

Dated: __8/24/22__

Hon. _____
          Alison Y. Tuitt , J.S.C.

CHECK ONE --------------- □ CASE DISPOSED IN ITS ENTIRETY    x CASE STILL ACTIVE
MOTION IS -------------------- □ GRANTED  x DENIED  □ GRANTED IN PART  □ OTHER
CHECK IF APPROPRIATE------------ □ SETTLE ORDER  □ SUBMIT ORDER  □ SCHEDULE APPEARANCE
                    □ FIDUCIARY APPOINTMENT      □ REFEREE APPOINTMENT

[* 1]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
MIGUEL NUNEZ,

                                Plaintiff,                      Decision and Order

           -against-                            Index No.:  30091/2018E

198 STREET LIMITED PARTNERSHIP and        Alison Y. Tuitt, J.S.C.
RITE AID OF NEW YORK, INC.,

                          Defendants.
------------------------------------------------------------------X

        Defendant Rite Aid of New York, Inc., ("Rite Aid") moves for an order granting

summary judgment in its favor dismissing plaintiff's complaint and all cross-claims against it.

Co-defendant 198 Street Limited Partnership ("198 Street") cross-moves for an order granting

summary judgment in its favor dismissing plaintiff's complaint and all cross-claims against it.

The motion and cross-motion are opposed.

        The cause of action is for personal injuries allegedly sustained by the plaintiff in a trip

and fall that occurred on January 19, 2018, in front of a Rite Aid store located at 239 East 198th

Street in Bronx County.  Plaintiff alleges that his fall was caused when his foot was caught in a

hole at the premises.

        Rite Aid moves for summary judgment on the ground that the hole which caused plaintiff

to fall was on the sidewalk in front of Rite Aid and Rite Aid had no duty to repair, maintain, or

warn of any alleged dangerous condition on the subject sidewalk.  Moreover, there is no

evidence that Rite Aid caused or created the condition or maintained any special use as to the

[* 2]

subject sidewalk area. Rite Aid alleges that, as a tenant, it entered into a lease with 198 Street

(the owner) for the premises at 239 East 198th Street in Bronx County, which was in effect on the

date of the accident. A copy of the lease was provided by Rite Aid, and it required that 198

Street maintain in good condition the structural and exterior portions of the premises including

foundation, bearing walls and columns, which included the sidewalk at the subject premises.

Rite Aid alleges that when plaintiff fell to the ground, he was outside the front door to

Rite Aid. Plaintiff did not report the incident to anyone inside the store. No one from Rite Aid

was aware of any complaints to Rite Aid regarding the sidewalk condition nor was Rite Aid

aware of anyone else falling in front of the store prior to plaintiff's accident. Additionally, Rite

Aid was not aware of any outside contractor performing any type of work on the sidewalk

outside the premises prior to the date of plaintiff's accident. A partner with 198 Street testified at

a deposition that 198 Street was responsible, when notified, to take care of any issues Rite Aid

had. However, no one from Rite Aid notified 198 Street of any conditions with the sidewalk

prior to plaintiff's accident.

Moreover, 198 Street's partner was not aware if the damage to the sidewalk was caused

by Rite Aid. Therefore, Rite Aid contends that as a commercial tenant, it cannot be held liable to

plaintiff unless it created the condition. As property owner, 198 Street had a non-delegable duty

to maintain the sidewalk and the claims by plaintiff against Rite Aid, as well as all common law

[* 3]

and contractual cross-claims against Rite Aid should be dismissed. Likewise, any claims for contractual indemnification against Rite Aid should be dismissed since Rite Aid was not responsible for structural repairs to the sidewalk under the terms of the lease.

198 Street opposes the motion and cross-moves for summary judgment on the ground that plaintiff's fall occurred at the entrance of the Rite Aid pharmacy. 198 Street refers to plaintiff's deposition testimony wherein he states that he fell at the entrance to the store. 198 Street argues that pursuant to the lease, Rite Aid is required to maintain the area where plaintiff fell and as an out-of-possession landlord, 198 Street is not liable for the condition at the premises. 198 Street refers to photographs of the premises and asserts that the area where plaintiff fell is where there is a roll down gate and a "triangular divot" that is within the entrance to the Rite Aid store. 198 Street contends that Rite Aid changed the storefront when it took possession and presumably installed the subject roll down gate where the divot is located. Therefore, Rite Aid is responsible for any damage caused by the renovation to the premises.

Plaintiff opposes the motion and cross-motion and, referring to an affidavit from the plaintiff, asserts that the accident occurred when his foot went into a hole in the sidewalk near the entrance of the Rite Aid. Plaintiff argues that the cross-motion by 198 Street was untimely as it was filed beyond 120 days after the Note of Issue was filed. Furthermore, even if, as 198 Street asserts, that it was an absentee landlord, its witness testified that they had responsibilities

[* 4]

as landlord, with regard to the sidewalk. Finally, plaintiff takes issue with 198 Street's theory that the hole was created by the gates in front of Rite Aid because the witness who testified at a deposition on behalf of 198 Street did not know whether the gates were electronic, manual, or something else, he did not know if the damage to the sidewalk was caused by the gates, nor did he know whether or not those gates were already present when Rite Aid began its lease for the property. Plaintiff contends that even though 198 Street was responsible for the structure and sidewalk, they never inspected the property and their duty to maintain the sidewalk is non-delegable.

Plaintiff further opposes the motion for summary judgment as to Rite Aid since Rite Aid failed to submit evidence in admissible form such as signed deposition transcripts or affidavits. Additionally, Rite Aid never offered the lease between it and 198 Street at either plaintiff's deposition or 198 Street's deposition and there were no deposition questions as to the lease.

In reply, Rite Aid opposes the cross-motion by 198 Street as untimely, contrary to this Court's part rules, and no order extending the time to file was ever issued. Further, Rite Aid asserts that the evidence is indisputable that the accident occurred as a result of a defect in the sidewalk. Therefore, 198 Street is liable. In reply, 198 Street contends that a single day in filing its summary judgment motion creates no hardship or prejudice to the plaintiff or Rite Aid. 198 Street further asserts that the photographs do not clearly depict the area of plaintiff's fall which

[* 5]

was not the sidewalk but was instead, the entrance to the Rite Aid Store.

To be entitled to the "drastic" remedy of summary judgment, the moving party "must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case." (*Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 [1985]. The failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id., see also Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320, 324 [1986]). Facts must be viewed in the light most favorable to the non-moving party (*Sosa v. 46th Street Development LLC,* 101 A.D,3d 490 [1st Dept. 2012]. Once a movant meets his initial burden, the burden shifts to the opponent, who must then produce sufficient evidence, also in admissible form, to establish the existence of a triable issue of fact. (*Zuckerman v. City of New York*, 49 N.Y.2d 557 [1980]). On a motion for summary judgment, "…issue-finding, rather than issue-determination is key…" (*Shapiro v. Boulevard Housing Corp.*, 70 A.D.3d 474 [1st Dept. 2010]).

It has been established that it is appropriate to rely on an unsigned certified deposition transcript where the transcript was not challenged as inaccurate. (*Gomez v, Shop-Rite of New Greenway,* 110 A.d.3d 483 [1st Dept. 2013]). Nevertheless, the motion for summary judgment as to Rite Aid is denied as there are issues of fact as to whether or not, at the very least, Rite Aid had constructive notice of the defective condition at the premises. (*Williams v. Yang Qi Nail*

[* 6]

*Salon, Inc.,* 113 A.D.3d 843 [2nd Dept. 2014]).

The cross-motion by 198 Street is summarily denied as it was filed beyond the 120-day

period required to file a summary judgment motion.   No good cause for the late filing was made,

and this Court's part rules are clear that there are no exceptions.  *(Miceli v. State Farm Mut. Auto*

*Ins. Co.,* 3 N.Y.3d 725 [2004]).

Even if the cross-motion were decided on the merits, the motion would be denied as 198

Street did not meet its burden of proving that there are no issues of fact.  According to the terms

of the lease, as out-of-possession owners of the premises, 198 Street is responsible for keeping

the sidewalk area in front of the store in reasonably good condition.  That duty is non-delegable.

(*Xiang Fu He v. Troon Mgt., Inc.,* 34 N.Y.3d 167 [2019]).

Accordingly, the motion and cross-motion for summary judgment are denied.

This constitutes the Decision and Order of this Court.

Dated: __8/24/22__

Hon._____

Alison Y. Tuitt,   J.S.C.

[* 7]