Drawhorn v Tchouza (2022 NY Slip Op 50921(U))

[*1]

Drawhorn v Tchouza

2022 NY Slip Op 50921(U) [76 Misc 3d 133(A)]

Decided on September 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-103 K C

Robert Lee Drawhorn, Jr., Appellant,
against
Serge Tchouza and Jeanlouis Dehappi, Respondents.

Koenigsberg & Associates, P.C. Law Offices (Paul Koenigsberg and Kevin Cowie of
counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C. (Stephen B. Toner of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated November 13, 2020. The order denied plaintiff's motion for summary judgment
on the issue of liability.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in Supreme Court, Kings County, on May 18, 2017 to
recover damages for personal injuries he sustained when he was struck by the door of a 2013
Mercedes owned by defendant Serge Tchouza and operated by defendant Jeanlouis Dehappi,
while plaintiff was riding his bicycle on Fulton Street in Brooklyn on October 30, 2016. Issue
was joined, plaintiff's deposition was conducted and Dehappi was to be deposed on or before
October 31, 2018. Plaintiff timely filed a note of issue on September 18, 2018 and the court
thereafter denied defendants' motion to vacate the note of issue but extended the deadline for the
parties to make summary judgment motions to February 15, 2019. On or about January 9, 2020,
plaintiff moved by emergency order to show cause to strike defendants' answer for refusing to
appear for a deposition. By order entered January 21, 2020, the Supreme Court (Donald Scott
Kurtz, J.) granted the motion to the extent of precluding Dehappi from testifying at trial or [*2]offering any affidavits in dispositive motions. By separate order
entered January 21, 2020, the Supreme Court transferred the case to the Civil Court pursuant to
CPLR 325 (d).
By notice of motion dated September 17, 2020, plaintiff moved for summary judgment on
the issue of liability, arguing that the motion could not have been made prior to Dehappi's
deposition testimony and, since Dehappi failed to appear for a deposition, there had been a
significant change in the status of the matter, to wit, the order precluding Dehappi from testifying
at trial. In opposition, defense counsel argued, among other things, that plaintiff never made a
motion for summary judgment within the time frame ordered by the court and never moved for
any extension even though depositions were to be completed on or before October 31, 2018. In
his reply, plaintiff's counsel, for the first time, argued that the motion was delayed because
plaintiff had difficulty getting the Civil Court index number from the clerk's office. The Civil
Court denied plaintiff's motion as untimely, finding that plaintiff had failed to make a showing of
good cause (see CPLR 3212 [a]).
CPLR 3212 (a) provides that a motion for summary judgment "shall be made no later than
one hundred twenty days after the filing of the note of issue, except with leave of court on good
cause shown" (see also Brill v City of New York, 2 NY3d 648, 651 [2004]). Plaintiff
failed to explain why his summary judgment motion was not timely made during the three and a
half months between when Dehappi failed to appear at his deposition by October 31, 2018 and
the February 15, 2019 summary judgment deadline date in the extension order (see Miceli v
State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]). In view of the absence of good cause
for plaintiff's delay in moving for summary judgment on the issue of liability, the Civil Court did
not improvidently exercise its discretion in denying plaintiff's motion as untimely.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 16, 2022