| |
|---|
| **Kaye v Chowdhury** |
| 2026 NY Slip Op 30641(U) |
| February 19, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805087/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY       PART       56M

*Justice*

------------------------------------------------------------------------X

ARNOLD KAYE,

                    Plaintiff,

              - v -

NASIM CHOWDHURY, M.D., ERIC ELOWITZ, M.D., and
NEW YORK-PRESBYTERIAN/WEILL CORNELL MEDICAL
CENTER,

                   Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805087/2019 |
| MOTION DATE | 02/19/2026 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 107, 108, 109, 110, 111, 112, 113, 114, 115

were read on this motion to/for                  MISCELLANEOUS       .

In this action to recover damages for medical malpractice, the plaintiff moves pursuant to CPLR 3212(a) for the court to reject, as untimely, the defendants' motion for summary judgment dismissing the complaint, which is pending under Motion Sequence 003. The defendants oppose the motion. The motion is granted, and the court declines to consider the defendants' motion for summary judgment.

CPLR 3212(a) provides that, in connection with motions for summary judgment,

> "the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court upon good cause shown."

In this court's August 29, 2023 status conference order, which was the final case management order that had been entered prior to the plaintiff's filing of the note of issue, the court directed that, "[a]ll dispositive motions must be filed within 60 days of the note of issue." The plaintiff filed a note of issue on December 19, 2023. Thus, unless the court extended the 60-day deadline, the defendants were required to serve their summary judgment motion papers no later

---

[* 1]

than February 20, 2024, which was the first business day after the lapse of that 60-day period (*see* General Construction Law §§ 20, 25-a). Rather than moving for summary judgment by that date, the defendants instead moved to disqualify the plaintiff's attorneys from representing the plaintiff on the ground that those attorneys had a conflict of interest, and also to extend their time for making a summary judgment motion (MOT SEQ 001). In an order dated October 17, 2024, this court denied that motion in its entirety on the ground that the defendants' attorneys failed to appear for the oral argument of the motion. On November 11, 2024, the defendants moved to vacate the October 17, 2024 order, and

> "pursuant to CPLR 2221 granting defendants leave to reargue the Order [sic] of this Court dated October 17, 2024 and entered October 18, 2024, and upon reargument, granting defendants' motion to disqualify in its entirety; and/or

> "pursuant to CPLR 2221 granting defendants leave to renew the Order [sic] of this Court dated October 17, 2024 and entered October 18, 2024, and upon renewal, granting defendants' motion to disqualify in its entirety; and

> "granting defendants such further and different relief as this Court deems just and proper"

(MOT SEQ 002). The defendants did not specify in the notice of motion the nature of any additional relief that they were seeking, and, in the affirmation submitted in support of the motion, counsel did not specifically request an extension of time within which to move for summary judgment. Rather, counsel only asserted that her firm had a reasonable excuse for its failure to appear for oral argument in connection with Motion Sequence 001, and that the defendants had a meritorious basis for their motion to disqualify the plaintiff's counsel. In an order dated April 2, 2025, the court granted the defendants' motion under Motion Sequence 002

> "to the extent that leave to renew is granted, and, upon renewal, their default in appearing for oral argument is vacated, the order dated October 17, 2024 is vacated, and their motion to disqualify Koss & Schonfeld, LLP, and Moshe Hoffman, Esq., from representing the plaintiff in this action is thereupon granted,"

and "otherwise denied" that motion. Inasmuch as the issue of the timing of the filing of any summary judgment motion was not raised in Motion Sequence 002, the court did not address

805087/2019   KAYE, ARNOLD vs. CHOWDHURY, M.D., NASIM                     Page 2 of 5
 Motion No.  004

2 of 5

[* 2]

that issue, and, consequently, the defendants' deadline for moving for summary judgment was never extended.

On December 10, 2025, almost two years after the plaintiff filed the note of issue, and without court approval, the defendants moved for summary judgment dismissing the complaint under Motion Sequence 003 (*see* CPLR 2211). On February 2, 2026, the plaintiff made the instant motion (MOT SEQ 004), requesting that the court decline to consider the defendants' summary judgment motion (*see id.*).

As the Court of Appeals elucidated the purpose of CPLR 3212(a), "statutory time frames — like court-ordered time frames (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]) — are not options, they are requirements, to be taken seriously by the parties. Too many pages of the Reports, and hours of the courts, are taken up with deadlines that are simply ignored" (*Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]).

> "'[G]ood cause' in CPLR 3212 (a) requires a showing of good cause for the delay in making the motion--a satisfactory explanation for the untimeliness--rather than simply permitting meritorious, nonprejudicial filings, however tardy. That reading is supported by the language of the statute--only the movant can show good cause--as well as by the purpose of the amendment, to end the practice of eleventh-hour summary judgment motions. No excuse at all, or a perfunctory excuse, cannot be 'good cause'"

(*Brill v City of New York*, 2 NY2d 648, 652 [2004]; *see Buckner v City of New York*, 9 Misc 3d 510, 514-515 [Sup Ct, N.Y. County 2005] [denying untimely summary judgment motion where movants provided no excuse for untimeliness]; *see also Miller v New York City Hous. Auth.*, 29 Misc 3d 1214[A], 2010 NY Slip Op 51825[U], *4, 2010 NY Misc LEXIS 5141, *9-10 [Sup Ct, Kings County, Sep. 21, 2010] [defendant made no showing of good cause for late motion, and "made no effort to inform the court of its need for an extension"]; *Talon Air Servs. LLC v CMA Design Studio, P.C.*, 2009 NY Slip Op 32027[U], *4, 2009 NY Misc LEXIS 6096, *3-4 [Sup Ct, N.Y. County, Sep. 3, 2009] [summary judgment motions made after 60-day deadline were untimely]). "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer*, 94 NY2d at 123).

805087/2019 KAYE, ARNOLD vs. CHOWDHURY, M.D., NASIM Page 3 of 5
Motion No. 004

As the Appellate Division, First Department, wrote, "[w]e take this opportunity to emphasize and to caution the Bar that the language of *Miceli* and *Brill* is clear and strict. Therefore, the rule these holdings address may not be approached casually without significant risk of adverse consequences" (*Perini Corp. v City of New York*, 16 AD3d 37, 38 [1st Dept 2005]).

Crucially, in construing CPLR 3212(a), the First Department concluded that a motion court does not "have discretion to entertain nonprejudicial, meritorious post-note of issue motions *made after a court-imposed deadline* but within the statutory maximum 120-day period in CPLR 3212(a) *regardless of whether good cause is shown for the failure to meet the deadline"* (*Glasser v Abramovitz*, 37 AD3d 194, 194 [1st Dept 2007] [emphasis added]). In other words, good cause for the delay must always be established, and a court may not reach the merits of a late motion for summary judgment where the movant fails to establish such good cause (*cf. Reiner v George Frank Living Trust,* 2009 NY Slip Op 32993[U], *6, 2009 NY Misc LEXIS 4369, *7 [Sup Ct, N.Y. County, Nov. 16, 2009] [where it was "uncontested that the Preliminary Conference Order required that dispositive summary judgment motions be made within 60 days of the filing of the Note of Issue," and it was further "uncontested that plaintiff filed her Note of Issue" on a date certain, requiring the defendants to move for summary judgment no later than 60 days thereafter, the fact that the "defendants did not seek leave to file their motion late" imposed upon them "the burden of establishing 'good cause' for the delay"]).

After the plaintiff filed the note of issue, the defendants apparently were most focused on seeking to disqualify the plaintiff's counsel, and, due to their own default, failed to appear for oral argument on their initial motion, which had sought not only disqualification but an extension of time to move for summary judgment. In their renewal motion, they could again have sought such an extension of time, but failed to do so. The court thus concludes that the defendants have not established good cause for the delay.

Accordingly, it is,

805087/2019   KAYE, ARNOLD vs. CHOWDHURY, M.D., NASIM
Page 4 of 5
Motion No. 004

4 of 5

[* 4]

ORDERED that the plaintiff's motion is granted, and the court declines to consider or entertain the defendants' motion for summary judgment dismissing the complaint on the ground that it was not timely made; and it is further,

ORDERED that, on the court's own motion, the attorneys for all of the parties shall appear for an initial pretrial settlement conference before the court, in Room 204 at 71 Thomas Street, New York, New York 10013, on March 5, 2026 at 11:00 a.m., at which time they shall be prepared to discuss resolution of the action, the scheduling of a future two-hour, mediation-style settlement conference, and the scheduling of a firm date for the commencement of jury selection.

This constitutes the Decision and Order of the court.

| 2/19/2026 | | |
| --- | --- | --- |
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

805087/2019   KAYE, ARNOLD vs. CHOWDHURY, M.D., NASIM
Motion No.  004

Page 5 of 5

5 of 5