Matter of American Tr. Ins. Co. v Citimed Surgery Ctr., LLC

2026 NY Slip Op 02645

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of American Transit Insurance Company, respondent,

v

Citimed Surgery Center, LLC, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-03962, (Index No. 508235/23)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Roman Kravchenko, Melville, NY, for appellant.

Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated January 26, 2023, in which Citimed Surgery Center, LLC, as assignee of Cruz Marroquin, cross-petitioned, among other things, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, Citimed Surgery Center, LLC, appeals from a judgment of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 2, 2024. The judgment, insofar as appealed from, upon so much of an order of the same court dated May 11, 2023, as granted that branch of the cross-petition of Citimed Surgery Center, LLC, which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees to the extent of directing Citimed Surgery Center, LLC, to submit a motion for an award of additional attorneys' fees with supporting affirmation within 30 days, and upon an order of the same court dated March 7, 2024, denying the motion of Citimed Surgery Center, LLC, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, failed to award Citimed Surgery Center, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

American Transit Insurance Company commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated January 26, 2023, confirming an arbitration award entered in favor of Citimed Surgery Center, LLC (hereinafter Citimed). Citimed cross-petitioned, among other things, to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. In an order dated May 11, 2023, the Supreme Court, inter alia, upon its determination that Citimed was entitled to additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) granted that branch of the cross-petition which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees to the extent of directing Citimed to "submit a motion for attorney's fees with supporting affirmation within thirty (30) days and allow Petitioner to oppose motion, and the Court can decide reasonable attorney fees after the submission of papers and oral argument."

Citimed did not file its motion pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees with supporting affirmation until July 13, 2023, and failed to acknowledge [*2]or explain its tardiness. In an order dated December 7, 2023, the Supreme Court denied Citimed's motion "due to the non-appearance of the Movant at the first and second calendar calls." In December 2023, Citimed filed a second motion pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees (hereinafter Citimed's second motion), which made no reference to the prior motion for the same relief and again failed to acknowledge or explain Citimed's tardiness in moving for such relief. In an order dated March 7, 2024, the court denied Citimed's second motion as untimely. Thereafter, the court issued a judgment, among other things, failing to award Citimed additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). CitiMed appeals.

Contrary to Citimed's contentions, the Supreme Court properly denied Citimed's second motion as untimely. The Court of Appeals has made it clear that court-ordered time frames are to be taken seriously (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726; Kihl v Pfeffer, 94 NY2d 118, 123). "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d at 123). Here, Citimed's second motion was filed beyond the court-ordered 30-day filing period, thereby rendering Citimed's second motion untimely (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d at 726; Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1017).

Citimed's remaining contention is without merit.

As the Supreme Court properly denied Citimed's second motion as untimely, we affirm the judgment insofar as appealed from.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court