Prompt Med. Group, Inc. v Erie Ins. Co. of N.Y.
2026 NY Slip Op 50797(U)
May 15, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
As corrected in part through May 28, 2026; it will not be published in the printed Official Reports.

Digest-Index Classification: Motions and Orders—Timeliness of Motion--Summary Judgment Motion

Prompt Medical Group, Inc., as Assignee of Taisha Brockenbaugh, Appellant,
v
Erie Insurance Company of New York, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 15, 2026
2025-540 RI C
Present: : Wavny Toussaint, P.J., Chereé A. Buggs, Joanne D. Quiñones, JJ

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Mura Law Group, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), dated March 31, 2025. The order granted defendant's motion for summary judgment dismissing the complaint.
[*1]
ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff filed its notice of trial on May 7, 2024. Defendant filed its motion for summary judgment dismissing the complaint on September 23, 2024, which motion plaintiff opposed, arguing, among other things, that the motion should be denied as untimely. By order dated March 31, 2025, the Civil Court (Mary A. Kavanagh, J.) found that, although the motion "was late," "there was no prejudice to the plaintiff" and granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground of fraudulent procurement of the insurance policy.
Pursuant to CPLR 3212 (a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651 [2004]; see Schmidt v Capone, 243 AD3d 709 [2025]). "[S]tatutory time frames—like court-ordered time frames (see Kihl v Pfeffer, 94 NY2d 118 [1999])—are not options, they are requirements, to be taken seriously by the parties" (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]; see Brill, 2 NY3d at 652-653). "Absent a 'satisfactory explanation for the untimeliness,' constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (Schmidt, 243 AD3d at 712, quoting Brill, 2 NY3d at 652; see Miceli, 3 NY3d at 727).
We note that a notice of trial is the Civil Court equivalent of a note of issue (see Castro v Omni Ins. Co., 74 Misc 3d 127[A], 2022 NY Slip Op 50057[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). The record on appeal indicates that defendant did not move for summary judgment dismissing the complaint within 120 days of the filing of the notice of trial. Since defendant failed to address this delay in its moving papers, it did not demonstrate good cause for its failure to file its motion within the mandated time frame (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869 [2016]; BQE Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 65 Misc 3d 152[A], 2019 NY Slip Op 51887[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, the Civil Court should have denied defendant's motion without reaching its merits.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 15, 2026